IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1029-LTB

**ZACHARY MARNER**,

    Plaintiff,

v.

**STONEBRIDGE HOSPITALITY ASSOCIATES, LLC.;**
**NAVIN C. DIMOND;** and
**RITA DIMOND,**

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

Plaintiff, Zachary Marner, has submitted *pro se* a Complaint he wishes to bring under Title VII of the Civil Rights Act (ECF No. 1). As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the submitted documents are deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Complaint or Petition**:

    ___ is not submitted
    _XX_ is not on proper form (must use the Court's current form for Title VII Complaints)
    ___ is missing an original signature by the plaintiff/petitioner/applicant
    ___ is incomplete
    ___ uses et al. instead of listing all parties in caption
    ___ names in caption do not match names in text
    ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
    _X_ other: **Failed to submit notice-of-right-to-sue letter as directed on page 2, ¶ 8 of the Court required form.**

To bring a claim under Title VII, a claimant must exhaust his or her administrative

remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement). The purposes of the administrative exhaustion requirement are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003). An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007). Facts supporting each element of a prima facie case of retaliation must be alleged in a charge in order for a retaliation claim to be exhausted. *Id.* at 1186. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

Plaintiff is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if he seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on his claims. *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

Accordingly, it is

**ORDERED** that Plaintiff cure the deficiencies designated above and file a proper

Title VII Complaint on the proper Court-approved forms and include a copy of his Notice of Right to Sue from the EEOC.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

**FURTHER ORDERED** that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 16th day of June, 2015.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge