IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1029-GPG

**ZACHARY MARNER**,

    Plaintiff,

v.

**STONEBRIDGE HOSPITALITY ASSOCIATES, LLC.;**
**NAVIN C. DIMOND;** and
**RITA DIMOND,**

    Defendants.

## ORDER OF DISMISSAL

On May 14, 2015, Plaintiff, Zachary Marner, submitted *pro se* an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Title VII Complaint (ECF No. 1). On June 16, 2015, this Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 8). As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court determined that the submitted documents were deficient and directed Plaintiff to cure if he wished to pursue his claims. Specifically, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to respond within thirty days and show cause why jurisdiction is proper under Title VII because Plaintiff had failed to show that he had exhausted his claims by providing a Notice of Right to Sue from the EEOC showing exhaustion (ECF No. 9). Although Plaintiff responded to the Order to Show Cause within the time allowed (ECF No. 10), he failed to provide any allegations or evidence that he has exhausted his administrative remedies.

The Court may raise subject matter jurisdiction *sua sponte* at any time during the

course of the proceedings. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  Under Title VII of the Civil Rights Act of 1964, the exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court.  See *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert denied*, 520 U.S. 1115 (1997); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (noting that "a failure to file an administrative charge at all . . . is a jurisdictional bar") (citing *Jones*, 91 F.3d at 1399 n.1).  The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal.  See *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

"The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).  Because Plaintiff has failed to do so the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint and the action are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3).  It is

3

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   23rd   day of July, 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
UNITED STATES DISTRICT COURT